IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE DORN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-cv-967-MJR |
| | ) |
| CHRISTOPHER L. HIGGERSON, | ) |
| and LISA MADIGAN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, who was an inmate in the Illinois Department of Corrections at the time suit was filed, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.[1]

Plaintiff alleges that the Defendants, the Attorney General of the State of Illinois and an Assistant Attorney General, have defaulted on an agreement to settle another case brought by him in this District, *Dorn v. Hamilton, et al.,* Case No. 07-247-GPM.  He asks the Court in the present case to enforce the settlement agreement, as he understands the agreement.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has not articulated a colorable federal cause of action against either Defendant.  He has not alleged a federal constitutional claim at all.  At best, his complaint sets forth a state law contract claim.  Even though the alleged agreement was to settle a federal claim, where there is no diversity

---

[1] Although plaintiff has been released from prison, his complaint is still subject to the provisions of the Prison Litigation Reform Act, 42 U.S.C. § 1997e.  *Dixon v. Page*, 291 F.3d 485, 488-489 (7th Cir. 2002).  The PLRA uses the same definition of "prisoner" as Section 1915A; under both statutes, plaintiff's status as a prisoner is determined as of the filing of suit.

1

jurisdiction, a suit seeking to enforce the settlement could only be brought in state court. ***Lynch, Inc., v. SamataMason, Inc.*, 279 F.3d 487, 489 (7th Cir. 2002)**. Further, the proper defendant in such a case would be the parties to the settlement agreement, and not the attorneys. ***Ibid***.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED** with prejudice. The Clerk shall enter judgment in favor of Defendants **CHRISTOPHER L. HIGGERSON** and **LISA MADIGAN**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable. ***See*** **28 U.S.C. § 1915(b)(1);** ***Lucien v. Jockisch***, **133 F.3d 464, 467 (7th Cir. 1998)**.

**IT IS SO ORDERED.**

DATE:  August 15, 2012.

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**Unites States District Judge**
